■ In the Matter of JACK DEJNOZKA, Petitioner, v CITY OF SARATOGA SPRINGS, et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Saratoga County) to review a determination of respondent Commissioner of Public Safety of the City of Saratoga Springs which found petitioner guilty of misconduct and suspended him from duty as a fireman for 30 days without compensation.

On January 16, 1984, respondent City of Saratoga Springs revised its staffing policy for its two fire stations, the West Side station and the Main (or East Side) station. This policy change reduced the number of fire fighters utilized to man both stations from a minimum of nine to eight men. The fire fighters union, of which petitioner was then vice-president, had opposed the decrease in staffing because of its belief that an eight-man minimum staff was unsafe.

On January 21, 1984, petitioner, a fire fighter with the City since 1971, reported for duty at the West Side station at approximately 7:50 A.M. Being the most senior fire fighter present willing to do so, petitioner accepted, for the day, the position of Acting Lieutenant; at the time he accepted this assignment, he was aware that there would only be three fire fighters, including himself, manning the station. Since petitioner was of the view that a three-man crew constituted an unsafe condition, he unilaterally decided to immediately transfer the crew to the East Side station, arriving there at 8:05 A.M. Although recognizing that petitioner's removal of his crew to the East Side station was not for any routine purpose or authorized reason, Captain George Beckdoft, petitioner's superior officer, permitted petitioner and his crew to remain there for a time to discuss the staffing situation. Shortly after noon, petitioner was ordered to return to the West Side station. Before doing so, however, he relinquished the position of Acting Lieutenant, thus leaving his crew without an officer in charge.

Within a week, charges of misconduct were preferred by the Deputy Commissioner of Public Safety against petitioner for his activities on the morning of January 21, 1984. Following a hearing, respondent Commissioner of Public Safety of the City of Saratoga Springs (Commissioner) issued a report wherein he concluded that petitioner: (1) made no effort to cooperate with his superior officer when he arrived at the East Side station; (2) attempted to put undue pressure on his superior officer by alerting the media; (3) improperly removed himself from duty without being relieved by another officer; and (4)

argued with superior officers over log entries in a manner unbecoming an officer. Suspension without pay for 30 days was prescribed; this proceeding by petitioner to challenge that determination followed.

Primarily, petitioner contends that the Commissioner's findings are unsupported by the record and that, even if correct, they do not establish misconduct. We confirm the Commissioner's determination.

Petitioner was faulted for not cooperating with and, in fact, hindering Beckdoft by placing undue pressure and influence on him through misuse of the media. Although it is true that Beckdoft advised petitioner and the other fire fighters to "use the media to put their thoughts to the public", the record demonstrates that Beckdoft made it clear to petitioner that "the direct orders [from the Commissioner] were that the West Side station would not be closed". In contravention of that express and unambiguous order, petitioner notified the media that, as the officer in charge for the day, "[h]e had closed the West Side station due to unsafe working conditions". Given this evidence, we perceive no error in the Commissioner's first two findings of fault.

With respect to the third finding that petitioner improperly resigned his post as Acting Lieutenant without waiting to be relieved by another officer, Beckdoft affirmed that once petitioner took the position for the day, "he should have stuck with it". The evidence concerning the fourth finding, relating to petitioner's dispute with, and unseemly conduct toward, a superior officer over log entries, is not terribly impressive, but is, nevertheless, sufficient to constitute substantial evidence. Lastly, petitioner's due process arguments are baseless and the penalty inflicted was not inappropriate.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.