■ In the Matter of JOHN SCHUTTAK, Petitioner, v BOARD OF TRUSTEES FOR THE VILLAGE OF ENDICOTT et al., Respondents.— Yesawich Jr., J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Broome County) to review a determination of respondent Board of Trustees of the Village of Endicott which terminated petitioner's employment as a firefighter for respondent Village of Endicott.

There is substantial evidence in the record to support the conclusion that petitioner was guilty of charge No. 2, misconduct, in that he failed to respond to orders while fighting a fire *(see, Matter of Ross v Bringewatt,* 134 AD2d 913, *lv denied*

---

71 NY2d 801), and charge No. 3, in that he was unable to work in a cooperative manner with his fellow firefighters (see, *Matter of Dejnozka v City of Saratoga Springs*, 115 AD2d 156, *affd* 68 NY2d 947). It is not our function to reevaluate the weight accorded to the evidence before the Hearing Officer or interfere with his resolution of any conflicting or contradictory evidence (see, *Matter of Rivera v Beekman*, 86 AD2d 1, 5).

In view of the serious nature of petitioner's misconduct and his history of being unable to get along with his colleagues, it cannot be said that his dismissal is so disproportionate to the offense " 'as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233, quoting *Matter of Stolz v Board of Regents*, 4 AD2d 361, 364; *see, Matter of Ross v Bringewatt, supra,* at 914).

With respect to charge No. 1, which alleges that petitioner used a listening device to eavesdrop on his fellow firefighters, respondents rightly argue that this charge should not have been dismissed. The Hearing Officer dismissed this charge because petitioner had previously been "disciplined" for the conduct involved; he had been suspended with pay. Suspension *with* pay, however, is not among the prescribed penalties which may be imposed after a civil service hearing (Civil Service Law § 75 [1], [4]), indicating that the Legislature did not consider such a "sanction" to be a significant disciplinary measure. Accordingly, consideration of petitioner's conduct giving rise to charge No. 1 was not barred. As the weight of the evidence, both written reports and testimony, can support no other conclusion, we find that charge No. 1 should have been sustained. However, given that the penalty imposed for petitioner's conduct underlying charge Nos. 2 and 3 is termination, no useful purpose will be served in remitting the matter for further proceedings regarding charge No. 1.

Levine, Mercure, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed. ·